IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DORIAN CLARK,** | : | CIVIL ACTION |
| *a/k/a Steven Jacobs*, | : | |
| *Plaintiff-pro se* | : | |
| | : | |
| v. | : | NO. 22-CV-3658 |
| | : | |
| **STEPHANIE SAWYER,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                OCTOBER 26, 2022

Plaintiff Dorian Clark, also known as Steven Jacobs, a prisoner currently incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Currently, before the Court are Clark's Complaint (ECF No. 2), his *Motion for Leave to Proceed In Forma Pauperis* (ECF No. 6), and his Prisoner Trust Fund Account Statement (ECF No. 5). For the reasons set forth, the Court will grant Clark leave to proceed *in forma pauperis*, and will dismiss his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.     FACTUAL ALLEGATIONS**[1]

The allegations of Clark's Complaint are brief; *to wit*: Clark claims that on February 17, 2022, he "was punished by the Adult Probation and Parole Department", and relies on the attached "Exhibit(d)(1)" in support of this assertion. (Compl. at 4-5.)[2] Exhibit(d)(1) is a copy of a Mental

---

[1]     The factual allegations set forth in this Memorandum are taken from Clark's Complaint, the Exhibits attached thereto, and public court dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2]     The Court adopts the pagination supplied to the Complaint and the attached Exhibits by the CM/ECF docketing system.

Health Evaluation ("MHE") dated March 10, 2022, which was written on letterhead for the Adult Probation and Parole Department of the First Judicial District of the Court of Common Pleas for Philadelphia County. (Compl. at 12-14.) The MHE reflects that Clark was examined by James G. Jones, M.D., on February 17, 2022, "to determine [Clark's] competency to assist in his own defense" with respect to his arrest for attempted murder, among other charges. (*Id.* at 12, 14.) The MHE specifies that the evaluation was "requested by the Honorable Stephanie Sawyer[,]" the sole Defendant named in this action. (*Id.* at 12.) Clark's MHE concludes that he:

> is capable of cooperating with his attorney in his own defense. He understands the charges against him, as well as the possible sentencing outcomes. He also has a clear understanding of the roles of the major principles involved in a court of law. Given the above, Mr. [Clark] is competent to assist in his own defense.

(*Id.* at 13.)

In the Complaint, Clark asserts that he is "not on probation or parole" and that Judge Sawyer "requested punishment in the form of probation and parole[,]" which constitutes cruel and unusual punishment and resulted in "mental health emotional distress mental anguish[.]" (*Id.* at 5.) Clark seeks "discharge from prison" and to have his "liberty restored" with respect to his underlying state court criminal charges docketed at CP-51-CR-0001880-2021. (*Id.*)

The public dockets entries reflect that Clark was charged in a criminal proceeding in the Philadelphia Court of Common Pleas in 2021 arising from events that occurred on October 3, 2020. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia). Clark's numerous charges include attempted murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person. *Id.* On March 19, 2021, Clark had a preliminary hearing in the Philadelphia Municipal Court on these charges. *See Commonwealth v. Jacobs*, MC-51-CR-0019068-2020 (M.C. Philadelphia). It appears from the state court dockets that Judge Sawyer is assigned to Clark's criminal case and has presided over

several of Clark's pretrial proceedings. *See Jacobs*, CP-51-CR-0001880-2021. Clark is awaiting trial, which is currently set for November 17, 2022. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915, Clark is granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Section 1915(e)(2)(B)(ii) requires a court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro*

---

[3] However, as Clark is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*se* litigants[.]'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*

### III.     DISCUSSION

In drafting his Complaint, Clark utilized the Court's form complaint for use by prisoners to assert civil rights violations.  (Compl. at 1-11.)  Reviewing the Complaint, it appears that Clark brings this case pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clark names Judge Sawyer as the sole Defendant in this action, asserting claims against the Judge in her individual capacity.  Clark's central allegations against Judge Sawyer appear to arise solely from her request to the Adult Probation and Parole Department to conduct the February 17, 2022 MHE of him to determine Clark's competency to assist in his own defense.  These allegations against Judge Sawyer arise from judicial determinations she made during Clark's underlying state court criminal proceedings.  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44

4

(3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Judge Sawyer's actions fall squarely within the functions normally performed by a judge. *See Pledger v. Russell*, No. 16-2770, 2017 WL 64977, at *2 (D. Kan. Jan. 6, 2017), *aff'd and remanded*, 702 F. App'x 683 (10th Cir. 2017) (concluding state court judge was entitled to absolute immunity from § 1983 claims and noting that "[t]he act of requiring a competency evaluation is a judicial action."). Moreover, Clark has not set forth any facts suggesting that Judge Sawyer acted in the absence of jurisdiction. Accordingly, Judge Sawyer is entitled to absolute immunity.[4] *See Kinnard v. George*, 652 F. App'x 96, 98 (3d Cir. 2016) (finding § 1983 action by a *pro se* plaintiff against two state court judges was properly dismissed where plaintiff complained of "judicial actions that [the] Judges . . . took in the course of an official criminal proceeding" because the judges were "protected by absolute judicial immunity"). Based on the foregoing, Clark's claims against Judge Sawyer are dismissed with prejudice, and any attempt to amend would be futile.[5] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims

---

[4] To the extent Clark's Complaint could be liberally construed as seeking to bring § 1983 claims against the Adult Probation and Parole Department of the First Judicial District of Pennsylvania in Philadelphia, those claims must be dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) because states and their agencies are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Adult Probation and Parole Department is immune from suit under the Eleventh Amendment. *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("We have held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.").

[5] Clark also seeks relief in the form of his "discharge from prison" and asks the Court to have his "liberty restored[.]" (Comp. at 5.) Clark cannot pursue his request for release in a civil rights action such as this one and, rather, must file a *habeas* petition if he seeks release on the basis that his confinement is unconstitutional. *See generally* 28 U.S.C. § 2241. Accordingly, Clark's claims seeking release from confinement are dismissed. *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of *habeas corpus* after exhausting state remedies.").

dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

## IV.   CONCLUSION

For the foregoing reasons, Clark is granted leave to proceed *in forma pauperis* and his Complaint is dismissed in its entirety pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO*, J.